## Case No. 10,775.

PARSONS et al. v. CUMMING et al.

[1 Woods, 461.] [1]

Circuit Court, S. D. Georgia.   April Term, 1871.

EQUITY—SPECIFIC INTERROGATORIES — ANSWERS—GENERAL ANSWER—EXAMINATION OF PARTIES—MATERIAL ALLEGATION—DISCOVERY.

1. If a bill does not contain specific interrogatories, the complainant must be satisfied with such answer to its allegations as would fairly occur to the professional mind as meeting them in a substantial manner.

2. Defendant is not bound to exercise ingenuity in finding out all the aspects in which a statement in a bill may be taken.

3. A general answer is sufficient for a general allegation.

4. Under the act of congress parties can be called to the stand and be examined on oath, and be compelled to answer every possible interrogatory that can be deemed at all material to the case.

5. If it is apparent that defendant has omitted to answer any material allegation, or has evaded giving an answer, or has answered disingenuously, the court will compel another answer.

6. Where discovery is a principal object, distinct interrogatories should be affixed to the bill.

In equity. Heard upon exceptions to answer.

Wm. Daugherty and A. W. Stone, for complainants.

A. R. Lawton, for defendant.

BRADLEY, Circuit Justice. If a bill does not contain specific interrogatories, the complainant must be satisfied with such answer to its allegations as would fairly occur to the professional mind as meeting them in a substantial manner. The defendant is not bound to exercise ingenuity in finding out all the aspects in which a statement may be taken. For example, if the bill contain a general allegation of fraud or breach of duty, or failure to fulfil a trust, it may be the foundation of many specific interrogatories as to particular facts going to prove the allegation made; but if such interrogatories be not propounded, the defendant's answer may be as general as the allegations of the bill. If a complainant wants to go into particulars, he must put pointed questions. A general answer is sufficient for a general allegation. Looking at the answer in question, I am not satisfied that it is not a substantial response to the bill. It denies that the bank had any assets shortly before the assignment, except what are in the schedule annexed to the original answer. That certainly answers the charge of passing away such assets. It denies the appropriation of any property of the bank to the use of the assignees or any other persons, except for the purposes of the trust. It explains satisfactorily the use of the banking house and lot, and the repairs thereon, provided the explanation is well founded. It asserts the truth and necessity of all expenditures for which credit is claimed. And, by the way, if the accounts of the assignees are complained of, they should be referred to a master for auditing, and exceptions taken to them there. It explains the sale of confederate and other securities—the manner of which is complained of in the bill. It admits that no payment or distribution has been made, except as ordered by the court; and the defendants throw themselves on the court for its directions, professing their willingness to pay over the money as the court may direct.

It seems to me that all the material allegations of the bill have been substantially met. But if they have not, no great harm can arise, since by recent act of congress parties can be called to the stand and examined on oath, and compelled to meet every possible interrogatory that can be deemed at all material to the case. It is therefore unnecessary for the court to be astute in finding defects in the answer, where no interrogatories have been appended to the bill, and where the allegations of the latter have perhaps not been expressed in those brief and succinct terms which the rules in equity propounded by the supreme court require. Had the bill contained a series of distinct, articulate propositions, briefly expressed, a comparison of the answer therewith would have been more easy and satisfactory. Of course, if it is apparent that the defendant has omitted to answer any material allegation, or has evaded giving an answer, or has answered disingenuously, the court will compel him to file another answer. And the character of the answer will always be a subject of criticism on the hearing. Where discovery is the object, or a principal object, distinct interrogatories should be affixed to the bill; and then it can be readily ascertained whether the defendant has answered them or not.

The exceptions are overruled.